***********
Upon review of the competent evidence of record with reference to the errors assigned, and finding no good grounds to receive further evidence, or to rehear the parties or their representatives, the Full Commission affirms with minor modifications, the Decision and Order of the Deputy Commissioner.
 ***********
The following documentary evidence was received at the hearing before the Deputy Commissioner:
 EXHIBITS 1. Plaintiff's Exhibit 1: Letter from J.C. Huggins to Plaintiff dated 4/4/08 *Page 2 
 2. Plaintiff's Exhibit 2: Letter from James C. Frye to Plaintiff dated 8/26/08
 3. Plaintiff's Exhibit 3: Three letters from Plaintiff to Patricia Chavis
 4. Plaintiff's Exhibit 4: Defendant's discovery responses
 5. Plaintiff's Exhibit 5: DC-160 form dated 10/12/07
 6. Plaintiff's Exhibit 6: Grievance document
 7. Plaintiff's Exhibit 7: Letter from Plaintiff to James Frye dated 8/28/08
 8. Plaintiff's Exhibit 8: Witness statement of Officer Helena Locklear.
 *********** ISSUE
The issue before the Full Commission is whether through Defendant's negligence, Plaintiff's personal property was lost and he therefore sustained damages.
 ***********
The competent evidence of record engenders the following:
 FINDINGS OF FACT
1. As of October 9, 2007, Plaintiff was an inmate at Scotland Correctional Institution.
2. Plaintiff was placed in segregation on October 9, 2007. The following day, Officer Locklear brought Plaintiff some of his personal property in segregation, but she did not bring him all of his legal papers. She told Plaintiff that some of his property, including legal papers, had been placed in storage.
3. About three weeks later, two boxes that were to have contained all of Plaintiff's legal papers were brought to him. However, three volumes of the transcript of Plaintiff's criminal trial in Superior Court, which he was using for an appeal, were missing. *Page 3 
4. Plaintiff filed a grievance, and officials at Scotland Correctional Institution responded that Plaintiff would be reimbursed for the cost of the missing transcripts. However, Plaintiff was never received reimbursed.
5. Plaintiff's transcripts have never been located.
6. As part of the grievance process, Plaintiff wrote to a stenographer to obtain an estimate to re-type the transcripts. Plaintiff reported the estimate was approximately $1,140.00. The Deputy Commissioner found Plaintiff's estimate to be credible and the Full Commission agrees.
 ***********
Based upon the foregoing Findings of Fact, the Full Commission hereby enters the following:
 CONCLUSIONS OF LAW
1. N.C. Gen. Stat. § 143-291(a) confers the North Carolina Industrial Commission with jurisdiction to hear tort claims against departments, institutions and agencies of the state, including Defendant. Id.
2. Under the provisions of the Tort Claims Act, negligence is determined by the same rules applicable to private parties.Bolkhir v. N.C. State Univ., 321 N.C. 706 (1988).
3. Defendant, through its officers, had a duty to Plaintiff to use reasonable care to protect his personal property from loss while such property was in Defendant's custody and control.
4. Defendant, through the conduct of its officers, breached its duty of reasonable care by allowing Plaintiff's personal property to be lost while it was in Defendant's custody and control. *Page 4 
5. The loss of Plaintiff's transcript was the direct and proximate result of Defendant's negligence.
6. Plaintiff sustained monetary damages because of the loss of his personal property. A sum of $1,140.00 is a reasonable amount to compensate Plaintiff for his damages.
7. Plaintiff is entitled to receive the sum of $1,140.00 from Defendant as monetary damages in this claim. N.C. Gen. Stat. § 143-291.
 ***********
Based upon the foregoing Findings of Fact and Conclusions of Law, the Full Commission enters the following:
 O R D E R
1. Defendant SHALL pay to Plaintiff the sum of $1,140.00 as monetary damages.
2. Defendant shall pay the costs.
This the ___ day of June, 2011.
 S/___________________ CHRISTOPHER SCOTT COMMISSIONER
CONCURRING:
 S/___________________ BERNADINE S. BALANCE COMMISSIONER
 S/___________________ DANNY L. McDONALD COMMISSIONER *Page 1